USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _3/20/2023_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAYMOND FAGAN,<br><br>                             Plaintiff,<br><br>-against-<br><br>WILLIAM H. SADLIER, INC.,<br><br>                             Defendant. | Civ. No.: 22-cv-10065 (AT)<br><br>**<u>AMENDED STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER</u>** |

ANALISA TORRES, United States District Judge:

      WHEREAS the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

      WHEREAS, the Parties, through counsel, agree to the following terms;

      WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

      WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

      WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

      IT IS HEREBY ORDERED that any person subject to this Protective Order including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual notice of this Protective Order shall adhere to the following terms:

      1.     This Order shall apply to all documents and things produced either by a Party or a non-party in response to or in connection with any discovery conducted in this action, including without limitation, answers to interrogatories, documents and things produced (including

documents and things produced for inspection), responses to written and electronic discovery requests, answers to requests for admission, testimony adduced at depositions upon oral examination or upon written questions, as well as any and all copies, abstracts, digests, notes and summaries thereof (the "Discovery Material") and shall continue to apply to them during the entire pretrial phase of this litigation, including discovery, dispositive motion practice, and pretrial motion practice.

2. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (i.e., information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

3. Any Party or non-party producing or disclosing Discovery Material (each, a "Producing Party") may designate as CONFIDENTIAL only the portion of such material that it reasonably and in good faith believes consists of information deemed confidential, including but not limited to:

(a) previously non-disclosed proprietary or confidential financial or business information (including without limitation profitability reports or estimates);

(b) previously non-disclosed proprietary or confidential material relating to ownership or control of any non-public company;

(c) previously non-disclosed proprietary or confidential business plans or marketing plans;

(d) any information of a personal or intimate nature regarding any individual or Party or any other confidential information such as confidential family or health information;

(e) confidential mental health and/or confidential medical information and/or individually identifiable health information, including but not limited to such information regarding the Plaintiff as defined by or subject to federal and/or state law or this Order;

(f) non-public family, medical, mental health and/or employment records of non-parties; or

(g) any other category of information this Court subsequently affords confidential status.

4. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "CONFIDENTIAL" by: (a) stamping or otherwise clearly marking as "CONFIDENTIAL" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing

for future public use another copy of said Discovery Material with the confidential information redacted.

5.  A Producing Party or its counsel may, to the extent permitted by this Order or a Court Order, designate deposition exhibits or portions of deposition transcripts as CONFIDENTIAL Discovery Material either on the record during the deposition or within ten days of receipt of the deposition transcript.  If so designated, the designated testimony shall be marked CONFIDENTIAL in the final deposition transcript by the court reporter.  Unless otherwise designated at the deposition, the entire deposition transcript shall be treated as CONFIDENTIAL up until ten days after receipt of the transcript.

6.  If at any time before the termination of this action a Producing Party realizes that it should have designated as CONFIDENTIAL some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as CONFIDENTIAL. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "CONFIDENTIAL" designation within seven business days of providing such notice.

7.  Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence; or (d) requiring that such evidence be kept under seal at the time of trial.

8.  Where a Producing Party has designated Discovery Material as CONFIDENTIAL, other persons subject to this Order may disclose such information only to the following persons:

>  (a)  the Plaintiff;
>
>  (b)  principals or executives of Defendant who are participating in decisions or discussions with counsel with reference to this action;
>
>  (c)  counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;
>
>  (d)  outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;
>
>  (e)  any mediator or arbitrator that the Parties engage in this matter or that this Court appoints;
>
>  (f)  as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy of the document;
>
>  (g)  any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed an Acknowledgment of Protective Order in the form annexed as Exhibit A hereto;

  (h) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed an Acknowledgment of Protective Order in the form annexed as Exhibit A hereto;

  (i) stenographers engaged to transcribe depositions the Parties conduct in this action; and

  (j) this Court, including any appellate court, its support personnel, and court reporters.

  9. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 9(g) or 9(h) above, counsel must provide a copy of this Order to such person, who must sign an Acknowledgment of Protective Order in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Acknowledgment of Protective Order, hold it in escrow, and produce it to opposing counsel upon request. Such person referred to in subparagraphs 9(g) and 9(h) above shall return to the retaining party, at the conclusion of this litigation (herein defined as the conclusion of all formal and informal proceedings arising from or relating to this litigation, including appeals), all originals and copies of such "CONFIDENTIAL" information, and summaries thereof, except that Consultants shall be permitted to retain copies of their own work product provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

  10. This Order binds the Parties and certain others to treat as Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential hereunder.

  11. Any Party who seeks to file with the Court any Discovery Material designated as CONFIDENTIAL – including but not limited to in pleadings, motion/applications papers, affidavits, declarations, memoranda, briefs and exhibits – may, no later than ten days prior to filing such material, provide the Producing Party with written notice of its intent to file such material. Within five days of such notice, the Producing Party must indicate in writing whether it (i) consents to the public filing of such Discovery Material, in which case the CONFIDENTIAL designation may be removed; or (ii) objects to the public filing of such Discovery Material. The Parties will use their best efforts utilize this procedure so as to minimize the need to file documents under seal.

  12. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("CONFIDENTIAL Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. In accordance with Rule 4(A) of the Court's Individual Rules of Practice in Civil Cases, the Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission. In accordance with Rule 4(A) of this Court's Individual Rules of Practice in Civil Cases, any Party that seeks to have material designated as Confidential Discovery Material remain under seal must file an application and supporting declaration justifying—on a

particularized basis—the sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

      13.    Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 2(C) of this Court's Individual Practices.

      14.    Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Rule 2(C) of this Court's Individual Rules of Practice in Civil Cases.

      15.    Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

      16.    Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party with at least 10 business days for a response before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such material. Within 60 days of the final disposition of this action, including all appeals, all recipients of Confidential Discovery Material must either return it, including all copies thereof, to the Producing Party, or, destroy such material, including all copies thereof. In either event, if requested by the Producing Party, within 10 days after the 60- day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material, except as provided herein. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, documents relied upon as supporting any claim or defense, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

17.     If any "CONFIDENTIAL" information is inadvertently disclosed to any person other than as permitted by this Protective Order, the party responsible for the disclosure shall, upon discovery of the disclosure, immediately inform the party whose information is disclosed of all facts pertinent to the disclosure, including the name, address, and employer of the person to whom the disclosure was made. The party responsible for the disclosure shall take all reasonable steps to prevent any further disclosure of the "CONFIDENTIAL" information.

18.     If, in connection with this litigation and despite a producing person having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact of the inadvertent production. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the inadvertently Disclosed Information.

19.     Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

SO STIPULATED AND AGREED.

Dated: New York, New York
       March 17, 2023

| | |
|---|---|
| AGUILAR BENTLEY LLC | OLSHAN FROME WOLOSKY LLP |
| */s/ Lisa Bentley* | */s/ Michael J. Passarella* |
| Lisa Bentley (LB-1565) | Michael J. Passarella, Esq. |
| 5 Penn Plaza, 19th Floor | 1325 Avenue of the Americas |
| New York, New York 10001 | New York, New York 10019 |
| Telephone: 212-835-1521 | MPassarella@olshanlaw.com |
| Facsimile: 646-924-0599 | *Attorneys for Defendant* |
| lbentley@aguilarbentley.com | *William H. Sadlier, Inc.* |
| *Attorneys for Plaintiff* | |
| *Raymond Fagan* | |

SO ORDERED.

Dated: March 20, 2023
      New York, New York

_____
HON. ANALISA TORRES
United States District Judge